Mr. Justice Clayton
delivered this opinion, as the opinion of the court at the November term, 1846.
Several questions are presented by the record in this case.
The first is, whether a deed of trust of personal property is correctly admitted to record, when there is but one subscribing witness, upon proof by such witness. The statute evidently contemplates that all the instruments mentioned in its first section, should be attested by at least two subscribing witneses. The class of instruments mentioned in the second section, namely, marriage covenants and agreements, it would seem, may be proved by one witness, but it is by no means certain, whether it was meant to lay down a different rule, in regard to them, from the one prescribed in the first section. The third section directs that all instruments therein named, including deeds of trust, shall be recorded, according to the directions of this act. The form of certificate and proof given in the twelfth section, requires the attesting witness to swear, “ that he saw the other subscribing witness or witnesses sign the same in the presence of the party.” H. & H. 343. From all these provisions taken together, we come to the conclusion, that the recording was not good in this instance, as the deed had but one subscribing witness.
After the deed was rejected by the court below, the plaintiff offered to prove that the defendant had notice of the deed of trust, at the time he became a purchaser. This proof was rejected also by the court. This was error, as it is the settled construction of the statute, that notice of an unrecorded deed is equivalent to registration. Dor v. La Coste, 1 S. & M. 70.
*335 The fact that at the time this deed of trust was executed, Patton, the grantor, had sold the slaves, with condition that the title was not to pass, until they were paid for, does not operate to defeat recovery by the trustee, as the condition was not complied with, and the contract was cancelled. The possession of the purchaser under the circumstances, was not of a character to avoid the deed.
The case of Buckner v. Hundley, 6 S. & M. 70, settles one or two other points in this cause.
The judgment must be reversed, and new trial granted. *
On the delivery of the foregoing opinion, the counsel for Wells filed a petition, and moved for a reargument. It was granted ; the case reargued, and Mr. Chief Justice Sharkey delivered the opinion of the court on the reargument, as follows:
This was an action of detinue, brought by the plaintiff to recover two slaves. The plaintiff claims by virtue of a deed of trust, made by M. D. Patton, and filed for record the 9th of June, 1835. The defendant was the purchaser at sheriff’s sale, made under executions which emanated on two judgments against Patton in November, 1836. The deed of trust constituted the prior lien, and unless it be defective, must prevail. The principal question arises out of a supposed defect in the proof of the execution of the deed of trust, on which account it was excluded as a registered deed; but it was established at the trial by proof of the handwriting of the grantor. The deed was excluded because there was but one attesting witness, although it was admitted to record on proof by that witness. If in this particular there was error in charging the jury that the deed was improperly attested by one witness, then the deed, being prior in time to the judgments, must hold the slaves.
This question depends exclusively on the construction of the *336 statute in relation to conveyances; and it is to be remarked in the outset, that the statute nowhere expressly requires that there should be two witnesses to any conveyance, and if the statute can be so understood, it is only by construction placed upon the phraseology used in prescribing the form to be followed in making proof of deeds, and upon the language of other sections of the act.
The first section provides that conveyances shall not be valid against purchasers and creditors without notice, unless the writing be acknowledged by the party who executed it, “or be proved by one or more of thé subscribing witnesses to • it.” This language does not amount to a positive requirement that there shall be two witnesses. Proof by one is sufficient, according to the letter of the statute; and it seems strange that the act should be regarded as requiring two witnesses, when it does not require that both should testify to the execution. It seems probable that the act was framed in view of the probability that there might be two witnesses.
The second section relates to agreements in consideration of marriage, and requires that they shall either be acknowledged by the party, “ or proved by one or more witnesses.” Evidently one witness is sufficient to such an agreement; and no reason is perceived for any distinction. Indeed, the class of conveyances embraced in the second section, are necessarily included in the first, which contains only a general provision, that no estate of inheritance, or freehold, or for a term of more than one year, shall be conveyed, unless the conveyance be declared by writing, sealed and delivered. Marriage settlements are here included, of course, under this general legislation. And it becomes the more obvious that the legislature did not intend to require two witnesses, as in the next section one witness is all that is required, when legislating particularly on a class of conveyances embraced within the general provision of the first section.
The clause chiefly relied on as requiring two witnesses to all deeds, is the form given in the statute for taking the proof. It requires only the proof of one witness, but it requires him to *337 swear that he saw the grantor sign, seal, and deliver the deed; “ that he (the witness) subscribed his name as a witness thereto in the presence of the grantor, and that he saw the other subscribing witness, or witnesses, sign the same in the presence of the grantor, and in the presence of each other.” Is this a positive requirement! If it had been thought important that more than one witness should subscribe, it is remarkable that the legislature did not say so in words, as was done in the case of wills. A marriage settlement must be proved according to the effect of the form given, and yet we have seen that to such agreements but one witness is required. He could not therefore swear that he saw the other witnesses sign. Hence it is manifest that this form does not in all cases require two witnesses ; and if not in all, why in any ?
In looking through the various sections of the statute, the 16th section sheds much light on the subject. It provides that “ If the grantor or grantors, witness or witnesses of any deed, conveyance or other instrument of writing, be dead or absent, so that his or their personal attendance cannot be had, it shall be lawful for any judge,” &c., to take the examination of any person or persons to prove the handwriting of such deceased “ witness or witnesses.” This section is entitled to as much weight in construing the whole statute as any of the preceding sections. It evidently provides for the proof of deeds having but one witness, and in case of his absence provides a mode of proof. Is it true then that one absent witness is equivalent to two who are present? A party having a deed, the witness to which was absent, would look to this section for a mode by Which it could be established ; and it could be proved although there was but a single witness, for the statute expressly authorizes it. And what is the consequence of holding to the necessity of two witnesses? It is this; if a party should take a deed with but one witness, he cannot prove it so long as that witness remains in the state, but if he remove from, or be sent out of the state, then the deed may be proved by making proof of his handwriting. We cannot by mere construction make the law present such an absurdity. The law nowhere requires the *338 attestation of even one witness. The deed is good without it, if the party will acknowledge it.
The deed of trust should therefore have been admitted as a registered deed, and for this error the judgment must be reversed, and cause remanded.
Mr. Justice Clayton
delivered this opinion.
I still adhere to the decision formerly made in this cause. The statute is by no means free from doubt, yet I cannot give effect to the 16th section, beyond those cases, to which it is in terms confined. That section seems intended to create an exception in favor of a particular class of cases, from mere necessity; to enlarge its operations by construction, would extend it beyond the necessity which caused-its enactment.